UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Kwilos, #B1190716979, | ) C/A No. 8:09-154-RBH-BHH |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| Neal B. Livingston, *Horry County Police Detective*; | ) |
| Thomas Floyd, *Horry County Public Defender*, | ) |
| | ) |
| Defendants. | ) |

Introduction

The plaintiff, Thomas Kwilos, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pretrial detainee at the J. Reuben Long Detention Center in Conway, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names an employee of Horry County as a defendant.[2] The plaintiff alleges that he was falsely arrested and that he is being falsely imprisoned. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by

attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation

was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

When construing the plaintiff's complaint liberally, it appears that he intended to sue the defendant attorney Floyd because Floyd was rude to the plaintiff's father, believes that the plaintiff is guilty and has tried to convince the plaintiff to plead guilty when the plaintiff is innocent. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). In *Hall v. Quillen*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Because attorney Lloyd has not acted under color of state

4

law, this case fails to state a claim under 42 U.S.C. § 1983 against him, and he is entitled to summary dismissal.

Additionally, the complaint should be dismissed as to defendant Livingston for failure to state a claim upon which relief may be granted.[3] The plaintiff alleges that the police detective Livingston falsely arrested him in November 2007 on charges of sexual misconduct with a minor. The plaintiff alleges that the complaining witness is his sister (and that her children were the alleged victims) but that she later recanted by stating that her children's tests were negative and that the plaintiff is innocent. (Compl. at 3.) The plaintiff alleges that defendant Livingston is proceeding forward with helping to prosecute the plaintiff even though Livingston allegedly was informed by a witness that the plaintiff is innocent. The plaintiff, however, has asked for no relief whatsoever.[4] (Compl. at 5.) When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions . . . ." *Humphreys v. Renner*, 1996 WL 88804 (N.D. Cal., Feb. 26, 1996), *following FCC v. Pacifica Found.*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). *See also Public Serv. Co. v. United States Envtl.*

---

[3] This court is mindful of *Wallace v. Kato*, 127 S.Ct. 1091 (2007), and the statute of limitations issue for false arrest claims. However, the plaintiff failed to state a cognizable claim against defendant Livingston as explained herein.

[4] It appears that another detainee wrote the complaint on the plaintiff's behalf. The complaint states that "[t]his statement was written by a third party due to the deficiency of Mr. Kwilos (sic) education." (Compl. at 4.) It appears that the plaintiff in his own handwriting signed the complaint and the motion to proceed *in forma pauperis*. With the help of a friend or jailhouse lawyer, the plaintiff was able to communicate his issues to the court. *See generally Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (affirming summary judgment in a § 1983 case where the plaintiff was functionally illiterate and had to rely on jailhouse lawyers).

*Protection Agency*, 225 F.3d 1144, 1148 n. 4 (10th Cir. 2000) (company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III). Even applying liberal pleading standards as required by the Supreme Court in *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), and Rule 8 of the Federal Rules of Civil Procedure, there is no demand for relief in the complaint (compensatory, injunctive, or otherwise). *See Jones v. Bock*, 549 U.S. 199, 214 (2007) (noting that prior to the PLRA § 1915(d) permitted *sua sponte* dismissal only if an action was frivolous or malicious and that now § 1915(e) provides that failure to state a claim is a separate ground for *sua sponte* dismissal). *See also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (noting that district courts are required to screen the merits of *in forma pauperis* complaints and "'to exclude suits that have no arguable basis in law or fact.'") (citation omitted). Accordingly, the complaint should be dismissed as to defendant Livingston for failure to state a cognizable claim.[5]

Moreover, to the extent that the plaintiff brings suit against defendant Livingston in an attempt to halt or impede the prosecution of criminal charges in Horry County against the plaintiff, this court should abstain from interfering with the pending state charges. A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act

---

[5] Defendant Floyd should also be dismissed due to the plaintiff's failure to seek any relief from him.

6

unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). This case does not present any extraordinary circumstances. Here, if defendant Livingston is proceeding forward with helping to prosecute the plaintiff even though Livingston has knowledge that a witness stated that the plaintiff is innocent, the plaintiff could bring this to light during his criminal trial, and the plaintiff may be able to bring a malicious prosecution claim in state court.[6] The plaintiff should be able to vindicate his federal constitutional rights in the state proceeding. Therefore, it is appropriate and recommended that this court abstain on his § 1983 claim.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

January 29, 2009
Greenville, South Carolina

---

[6] This court has no knowledge of whether such a claim by the plaintiff would have any basis in fact.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).